IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., a Texas corporation, | |
| Plaintiff, | CASE NO.  2:10-cv-297 |
| vs. | **Jury Trial Demanded** |
| CASALE MEDIA INC., an Ontario corporation; ADCHEMY, INC., a Delaware corporation; BELO CORP., a Delaware corporation; BELO INTERACTIVE, INC., a Delaware corporation; CPX INTERACTIVE LLC, a New York limited liability company; EXPONENTIAL INTERACTIVE, INC., a Delaware corporation; MEDIAFIRE LLC, a Texas limited liability company; OPTIMAX MEDIA DELIVERY LLC, a California limited liability company; PULSE 360, INC., a Delaware corporation; SUBURBAN COMMUNITY NEWSPAPERS, LLC, a Mississippi limited liability company; TRAFFICMARKETPLACE, INC., a Delaware corporation; VALUECLICK, INC., a Delaware corporation; THE WEATHER CHANNEL INTERACTIVE, INC., a Georgia corporation; WEST 10 NEWSPAPERS, INC.; a Tennessee corporation. | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff  ExitExchange Corp. ("ExitExchange") sues Defendants Casale Media, Inc.;

Adchemy, Inc.; Belo Corp.; Belo Interactive, Inc.; CPX Interactive LLC; Exponential

Interactive, Inc.; Mediafire LLC; Optimax Media Delivery LLC; Pulse 360, Inc.;  Suburban

Community Newspapers, LLC; TrafficMarketplace, Inc.; Valueclick, Inc.; the Weather Channel Interactive, Inc.; and West 10 Newspapers, Inc. (collectively "Defendants") and, on information and belief, alleges as follows:

### Introduction

1.      Plaintiff ExitExchange Corp. ("ExitExchange") owns the inventions described and claimed in United States Patent No. 7,386,555 B2 entitled "Post-Session Internet Advertising System" (the "'555 Patent").  Defendants (a) have used and continue to use Plaintiff's patented technology to make pop-under advertisements that Defendants make, use, import, sell, and offer to sell, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patent.  ExitExchange seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patent without Plaintiff's permission.

### Jurisdiction and Venue

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

3.      Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### Plaintiff ExitExchange

4.      Plaintiff ExitExchange is a corporation existing under and by virtue of the laws of the State of Texas.

### The Patent

5.      The United States Patent and Trademark Office issued the '555 Patent (attached as exhibit A) on June 10, 2008.  Through assignment, Plaintiff is the owner of all right,

title, and interest in the Patent, including all rights to pursue and collect damages for past infringement of the Patent.

### Defendants

6.      Upon information and belief, Casale Media Inc. ("Casale") is a corporation organized and existing under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada. Casale has offices in New York, Detroit, Seattle, Los Angeles and Toronto.

7.      Upon information and belief, Adchemy, Inc. ("Adchemy") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Foster City, California.

8.      Upon information and belief, Belo Corp., ("Belo Corp.") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dallas, Texas.

9.      Upon information and belief, Belo Interactive, Inc. ("Belo Interactive") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dallas, Texas.

10.      Upon information and belief, CPX Interactive LLC ("CPX Interactive") is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in Westbury, New York.

11.      Upon information and belief, Exponential Interactive, Inc. ("Exponential") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Emeryville, California.

12.      Upon information and belief, Mediafire LLC, ("Mediafire") is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in The Woodlands, Texas.

13.     Upon information and belief, Optimax Media Delivery LLC ("Optimax") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Novi, Michigan.

14.     Upon information and belief, Pulse 360, Inc. ("Pulse 360") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

15.     Upon information and belief, Suburban Community Newspapers, LLC ("Suburban Community News") is a limited liability company organized and existing under the laws of the State of Mississippi. According to the Mississippi Secretary of State, its registered agent for service of process is C T Corporation System, with an address of 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 38232.

16.     Upon information and belief, TrafficMarketplace Inc., ("TrafficMarketplace") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Southern California.  TrafficMarketplace has offices in Los Angeles, New York, and Chicago.

17.     Upon information and belief, Valueclick, Inc. ("Valueclick") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Westlake Village, California.

18.     Upon information and belief, The Weather Channel Interactive, Inc. ("Weather Channel") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

19.     Upon information and belief, West 10 Newspapers, Inc. ("West 10") is a Tennessee corporation with its principal place of business in Bartlett, Tennessee.

## Claim for Patent Infringement
### (infringement of the '555 patent)

20.     Plaintiff incorporates by reference each of the allegations in paragraphs 1 – 19 above and further alleges as follows:

21.     The United States Patent and Trademark Office issued the '555 Patent on June 10, 2008.  Plaintiff is the owner of the '555 Patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

22.     Defendants have infringed, contributed to the infringement, or induced others to infringe the '555 Patent and, unless enjoined, will continue to do so by making pop-under advertisements that infringe the claims of the '555 Patent and by contributing to or inducing others to infringe the claims of the '555 Patent without a license or permission from Plaintiff.

23.     Plaintiff has been damaged by Defendants' infringement of the '555 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '555 Patent.

24.     Plaintiff is entitled to recover damages from the Defendants to compensate them for the infringement.

25.     Plaintiff demands trial by jury of all issues relating to this claim.

26.     Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '555 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the '555 Patent;

B.     Compensatory damages for Defendants' infringement of the '555 Patent;

C.     Treble the compensatory damages as a consequence of Defendants' willful infringement;

D.      Costs of suit and attorneys' fees;

E.      Pre-judgment interest;

F.      For such other relief as justice requires.


Dated:  August 16, 2010                      Respectfully submitted,


                                             By:  /s/ S. Calvin Capshaw
                                             S. Calvin Capshaw
                                             State Bar No. 03783900
                                             Elizabeth L. DeRieux
                                             State Bar No. 05770585
                                             Capshaw DeRieux, L.L.P.
                                             Energy Centre
                                             1127 Judson Road, Ste 220
                                             P. O. Box 3999 (75606-3999)
                                             Longview, Texas 75601-5157
                                             Telephone: (903) 236-9800
                                             Facsimile: (903) 236-8787
                                             Email: capshaw@capshawlaw.com
                                             Email: ederieux@capshawlaw.com

                                             ATTORNEYS FOR PLAINTIFF
                                             EXITEXCHANGE, CORP.