IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., a Texas corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>CASALE MEDIA INC., an Ontario corporation; ADCHEMY, INC., a Delaware corporation; BELO CORP., a Delaware corporation; BELO INTERACTIVE, INC., a Delaware corporation; CPX INTERACTIVE LLC, a New York limited liability company; EXPONENTIAL INTERACTIVE, INC., a Delaware corporation; MEDIAFIRE LLC, a Texas limited liability company; OPTIMAX MEDIA DELIVERY LLC, a California limited liability company; PULSE 360, INC., a Delaware corporation; SUBURBAN COMMUNITY NEWSPAPERS, LLC, a Mississippi limited liability company; TRAFFICMARKETPLACE, INC., a Delaware corporation; VALUECLICK, INC., a Delaware corporation; THE WEATHER CHANNEL INTERACTIVE, INC., a Georgia corporation.<br><br>                Defendants. | CASE NO. 2:10-cv-297-TJW<br><br>**Jury Trial Demanded** |

**Joint Motion for Entry of Disputed Protective Order**

       The parties respectfully request that Court to enter a protective order for the above-referenced matter. The parties conferred and exchanged drafts for an agreed protective order, but agreement was not reached on all issues. The parties reached agreement on all items except whether the following category should be ineligible for designation under the protective order:

> "documents or information that has been discerned through legal examination of the accused product itself without the use of Defendants' Confidential, or Confidential Attorneys' Eyes Only Information, which includes all the claim charts provided as the Rule 3-1 disclosure"

*See* Exh. A, ¶4(h). Plaintiff's position is that the category should be eligible for designation under the protective order. Accordingly, paragraph 4(h) of the parties' proposed order should be deleted. Defendants' position is that the category should be ineligible for designation, and that paragraph 4(h) should be retained. Attached as Exhibit A is the proposed order, which includes the disputed language highlighted in brackets. Below is a statement of the parties' respective positions.

**Plaintiff's position:**

There is no reason to exclude infringement contentions from the protective order if they contain information that meets the definition of "confidential information," namely "confidential or proprietary technical, scientific, or business information that is not generally known, that would not normally be revealed to third parties, for which its disclosure would be detrimental to the conduct of the designating party's business." Exh. A ¶1. It is clear that ExitExchange's identification of how its patent claims read on specific systems used by its competitors is (i) confidential and proprietary information, (ii) is technical or business information, and (iii) is not generally known and would normally be revealed to third parties. In addition, the disclosure of the information would be detrimental to the conduct of ExitExchange's business, which includes maintaining a competitive advantage in on-line advertising markets by enforcing its patents. Such information could be used by ExitExchange's competitors (i) to attempt to design around the claims of the patent, (ii) to file declaratory judgment actions in other jurisdictions, or (iii) to

create mischief in reexamination proceedings. All of these would be detrimental to ExitExchange's competitive position.

Moreover, there is nothing in the local rules, the Federal Rules, this Court's case law, or Judge Ward's form protective order that contains a carve out for infringement contentions or similar documents. Defendants' assertion that infringement contentions cannot be designated under *Fractus*, *S.A. vs. Samsung Co.* is wrong. In *Fractus*, the parties agreed to a Protective Order that carved out "information that has been discerned through legal examination of the accused product itself." *See Fractus*, Case No. 6:09-cv-00203, dkt. #140; dkt #237. Here, Plaintiff has not agreed to such language in the protective order. Thus, Defendants' reliance on *Fractus* is misplaced.

**Defendants' position:**

Defendants request entry of their proposed Protective Order, including paragraph 4(h).

ExitExchange seeks to continue to designate documents or information as confidential even if they have been discerned merely through legal examination of the accused product itself without the use of Defendants' Confidential or Confidential Attorneys' Eyes Only Information. ExitExchange did this with the Patent Rules 1-1 claim charts in this case, resulting in the accompanying Defendants' Motion To Remove Confidential Designation On Patent Rule 3-1 Claim Charts And Resetting Times In Agreed Discovery Order. By extension of ExitExchange's logic, all court briefs could be designated "attorney eyes only" and/or "confidential," since seldom does a party publically disclose its legal analysis until it pleads in court. The Federal Circuit rejected a claim of confidentiality to legal analysis recently in *In Re Violation Of Rule 28(D)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011).

This Court has recently examined similar conduct by a plaintiff party and rejected the unilateral designation of infringement contentions as confidential. In *Fractus, SA v. Samsung Electronics Co.,* case no. 6:09-cv-203, Document 410, filed 06/07/10, Exhibit 2, Magistrate Judge Love utilizes language which Defendants in this case propose as appropriate for the Protective Order.

Dated: May 12, 2011	Respectfully submitted,


By: */s/Christin Cho*
Gregory S. Dovel (admitted to practice in the Eastern District of Texas) E-mail: greg@dovellaw.com
CA State Bar No. 135387
Christin Cho (admitted to practice in the Eastern District of Texas)
CA State Bar No. 238173 E-mail: christin@dovellaw.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, L.L.P.
Energy Centre
1127 Judson Road, Ste 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: capshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.

*/s/ Gregory J. Casas*
  *Signed with permission*

Gregory Casas
Texas Bar No. 00787213
John S. "Chip" Rainey
Texas Bar No. 00788234
Greenberg Traurig LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701
512.320.7200
512.320.7210 fax
ATTORNEYS FOR DEFENDANT
MEDIAFIRE, LLC

*/s/ Steven R. Daniels*  _____
    *Signed with permission*
W. Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
Bryan D. Atkinson
Texas State Bar No. 24036157
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78701
Telephone:     (512) 394-3000
Facsimile:     (512) 394-3001
E-mails: bryan.farney@dechert.com
    steven.daniels@dechert.com
    bryan.atkinson@dechert.com
ATTORNEYS FOR DEFENDANT
**CPX INTERACTIVE LLC**

*/s/ Brian E. Haan*
    *Signed with permission*
Raymond P. Niro
Raymond P. Niro, Jr. (Lead Attorney)
Robert A. Conley
Brian E. Haan
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiro@nshn.com;
RNiroJr@nshn.com;

RConley@nshn.com;
BHaan@nshn.com

Eric M. Albritton
(Texas State Bar No. 00790215)
Debra Coleman
(Texas State Bar No. 24059595)
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449
Fax: (903) 758-7397
ema@emafirm.com
drc@emafirm.com
ATTORNEYS FOR
VALUECLICK, INC.

*/s/ Jamil N. Alibhai*
       *Signed with permission*
E. Leon Carter
Texas State Bar No. 03914300
lcarter@munckcarter.com
Jamil N. Alibhai
Texas State Bar No. 00793248
jalibhai@munckcarter.com
Ryan S. Loveless
Texas State Bar No. 24036997
rloveless@munckcarter.com
Kelly P. Chen
Texas State Bar No. 24062664
kchen@munckcarter.com
MUNCK CARTER, LLP
600 Banner Place
12270 Coit Road
Dallas, Texas 75251
Telephone: 972.628.3600
Telecopier: 972.628.3616

ATTORNEYS FOR DEFENDANTS
BELO CORP. AND BELO
INTERACTIVE, INC.

*/s/ Robert C. Brandenburg*
       *Signed with permission*

Robert C.J. Tuttle
(MI Bar No. P25222)
John E. Nemazi
(MI Bar No. P33285)
Robert C. Brandenburg
(MI Bar No. 28660)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400 —
Fax: (248) 358-3351
E-mail: rtuttle@brookskushman.com
jnemazi@brookskushman.com
rbrandenburg@brookskushman.com
Jennifer Parker Ainsworth (State Bar No. 00784720)
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
(903) 509-5000
(903) 509-5092 (facsimile)

ATTORNEYS FOR DEFENDANTS CASALE MEDIA INC. AND OPTIMAX MEDIA DELIVERY LLC

*/s/ Charles Ainsworth*
    *Signed with permission*
Charles Ainsworth
Texas State Bar No. 00783521
Robert Christopher Bunt
Texas State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com
OF COUNSEL:
Robert D. Becker
Cal. Bar No. 160648

Shawn G. Hansen
Cal. Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
E-mail: rbecker@manatt.com
E-mail: shansen@manatt.com

ATTORNEYS FOR DEFENDANT
TRAFFICMARKETPLACE, INC.

*/s/ Michael J. Turton*
    *Signed with permission*
Michael J. Turton (Tex. Bar No. 00794761)
mturton@kilpatrickstockton.com
John S. Pratt (Pro Hac Vice Pending)
jpratt@kilpatrickstockton.com
Audra A. Dial (Pro Hac Vice Pending)
adial@kilpatrickstockton.com
Leroy M. Toliver (Pro Hac Vice Pending)
btoliver@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)

Local Counsel:
Michael E. Jones (Tex. Bar No. 10929400)
mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Ave., Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311 (Telephone)
(903) 593 0846 (Facsimile)

ATTORNEYS FOR DEFENDANT
THE WEATHER CHANNEL
INTERACTIVE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of May, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Christin Cho