IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP., | § § § § § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:10-CV-297-TJW |
| | § | |
| CASALE MEDIA INC., ET AL, | § § | |
| *Defendants*. | § § § | |

## ORDER

Before the Court is the parties' motion for a protective order. (Dkt. No. 208.) All of the provisions of the protective order were agreed except one. The parties disagree whether paragraph 4(h) of the proposed protective order, which relates to documents such as claim charts required under P.R. 3-1, should be included in the protective order. The Court agrees with Plaintiff to not include the paragraph, and the Court issues this Order to briefly explain its reasoning.

In this Court's view, documents such as claim charts may contain information that is confidential technical or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business. As Plaintiff points out, the information Plaintiff includes in its claim charts could be used by its competitors to Plaintiff's business detriment. Further, the Court disagrees with Defendants that Magistrate Judge Love's analysis in *Fractus* is controlling. *Fractus, S.A. v. Samsung Electronics Co.*, Case No. 6:09-cv-203-LED-JDL, Dkt. No. 410 (E.D. Tex. June 7,

2010). Magistrate Judge Love did not allow the plaintiff's contentions to be entitled to a confidentiality designation in that case *based on the previously entered protective order*. *Id.* In this case, however, the issue is what to include in the protective order. Even Magistrate Judge Love observed that "[a] party's contentions may include protected information and thus be appropriately designated confidential, but such information is not included here." *Id.* at 2. In addition, the Federal Circuit case of *In re Violation of Rule 28(D)*, which Defendants cite, is also distinguishable. *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011). The improper confidentiality markings in that case included, for example, "case citations and parentheticals describing the cited cases . . . ." *Id.* at 1360. Such information is different than the documents and information at issue in this case, which include documents such as claim charts.

Therefore, the Court will allow, generally, documents such as claim charts to be deemed confidential. However, to the extent Defendants feel that Plaintiff is abusing this ruling, the protective order in paragraph seven allows a party to challenge confidential designations. The Court is only ruling here that claim charts, *in general*, may be confidential and designated in accordance with the protective order.

It is so ORDERED.

SIGNED this 20th day of May, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE