# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **EXITEXCHANGE CORP.,** a Texas Corporation, | |
| *Plaintiff,* | **Case No. 2:10-cv-297** |
| **v.** | |
| **CASALE MEDIA INC.,** an Ontario corporation; **BELO CORP.**, a Delaware corporation; **BELO INTERACTIVE, INC.**, a Delaware corporation; **CPX INTERACTIVE LLC**, a New York limited liability company; **EXPONENTIAL INTERACTIVE, INC.**, a Delaware corporation; **MEDIAFIRE LLC**, a Texas limited liability company; **OPTIMAX MEDIA DELIVERY LLC**, a California limited liability company; **PULSE 360, INC.**, a Delaware corporation; **SUBURBAN COMMUNITY NEWSPAPERS, LLC**, a Mississippi limited liability company; **TRAFFICMARKETPLACE, INC.**, a Delaware corporation; **VALUECLICK, INC.**, a Delaware corporation; **THE WEATHER CHANNEL INTERACTIVE, INC.**, a Georgia corporation; **WEST 10 NEWSPAPERS, INC.**, a Tennessee corporation, | **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO REMOVE CONFIDENTIAL DESIGNATION ON PATENT RULE 3-1 CLAIM CHARTS AND RESETTING TIMES IN AGREED DISCOVERY ORDER** |
| *Defendants.* | |



PATENT

[from Latin patent-, patens, from present participle of patēre to be open.]
1 a : open to public inspection —used chiefly in the phrase letters patent[1]

To insist that Plaintiff's patent can only be understood using confidential information is the antithesis of our patent system and ignores the very definition of "patent."

## I.    Plaintiff Cannot Keep Its Patent Claim Interpretation Confidential

Plaintiff ExitExchange has not met its burden to show that the Patent Rule 3-1 Claim Charts were entitled to confidential treatment as provided in the Protective Order. (Dkt #222.) Therefore, Defendants' motion should be granted.

The Protective Order defines Confidential Information as "information or material … that constitutes confidential or proprietary technical, scientific, or business information that is not generally known, that would not normally be revealed to third parties, for which its disclosure would be detrimental to the conduct of the designating party's business, and which is not included in the exceptions to eligibility identified below."  (¶ 1.)  ExitExchange has "the burden of establishing that the disputed Protected Material is entitled to confidential treatment."  (¶ 7.)

ExitExchange has designated as confidential its claim charts interpreting the asserted claims as they relate to Defendants' activities.  It is not disputed that the language of the claims and the activities described in the charts are not confidential.  Thus, the only issue is whether Plaintiff can bear its burden to show that its interpretation of the patent claims is Plaintiff's Confidential Information.  To meet its burden, ExitExchange must show that the information meets three requirements, i.e. that it is information (1) "that is not generally known," (2) "not normally revealed," and (3) "disclosure would be detrimental to [Plaintiff]."

---

[1] From Webster's Third International Unabridged Dictionary (Merriam-Webster), http://www.merriam-webster.com/dictionary/patent.



Plaintiff asserts that "ExitExchange does not generally disclose to third parties detailed information as to how its Patent claims read on particular systems."  (Response, p. 3.)  Even if Plaintiff's conclusory allegation of what it does or does not do with respect to its own interpretation of the claims is sufficient to meet the second requirement, Plaintiff cannot meet the other two requirements.

## A.    Claim Interpretations Must Be Generally Known

Plaintiff's argument that its interpretation of the claims at issue is "confidential" flies in the face of patent law.  If interpretation of claims is "confidential" as argued by Plaintiff, then the only proper conclusion is that a person of ordinary skill in the art cannot determine from reviewing the intrinsic evidence the legal scope of the claims.  In other words, the patent claims would be invalid as violating the patent notice function of the claims.  Paragraph 2 of 35 U.S.C. §112 provides "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  In interpreting this section of the patent law, the Federal Court held:

> one of ordinary skill in the art should be able to read a patent, to discern which matter is disclosed and discussed in the written description, and to recognize which matter has been claimed. The ability to discern both what has been disclosed and what has been claimed is the essence of public notice. It tells the public which products or processes would infringe the patent and which would not.

*PSC Computer Products, Inc. v. Foxconn International, Inc.*, 355 F.3d 1353, 1306 (Fed. Cir. 2004); *see also*, *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 29 (1997) (recognizing, in the context of the doctrine of equivalents, "the definitional and public-notice functions of the statutory claiming requirement").

In describing the purposes of this public notice function the Federal Circuit in *PSC Computer Products,* 355 F.3d at 1358 stated:



2

To appreciate the two aspects of this notice function, it is important to recall that claims and written descriptions are both integral parts of a patent under 35 U.S.C. § 112.  The Supreme Court long ago explained that:

> Accurate description of the invention is required by law, for several important purposes: 1. That the government may know what is granted, and what will become public property when the term of the monopoly expires.  2. That licensed persons desiring to practise the invention may know during the term how to make, construct, and use the invention.  3. That other inventors may know what part of the field of invention is unoccupied.

*Bates v. Coe*, 98 U.S. 31, 39 (1878).  These fundamental precepts of patent law have remained unchanged for more than a century and a quarter; we reiterated them in *Johnson*, 285 F.3d at 1052 ("Both the Supreme Court and this court have adhered to the fundamental principle that claims define the scope of patent protection. . . . The claims give notice both to the examiner at the U.S. Patent and Trademark Office during prosecution, and to the public at large, including potential competitors, after the patent has issued." (citations omitted)).

Therefore, ExitExchange's argument that the proper interpretation and application of the claims cannot be understood except by use of confidential information would, if accepted, invalidate the claims at issue. *Honeywell International, Inc., v. International Trade Commission*, 341 F.3d 1332, 1338 (Fed. Cir. 2003).  However, for purposes of this motion, the Court need not address invalidity.  The Court merely needs to find that due to the public notice function of the claims, an interpretation of patent claims applying the claims to non-confidential products and methods cannot be confidential.  *Merrill v. Yeomans*, 94 U.S. 568, 573–74 (1876) ("It seems to us that nothing can be more just and fair, both to the patentee and to the public, than that the former should understand, and correctly describe, just what he has invented, and for what he claims a patent.").  Accordingly, Defendants' Motion should be granted.

**B.   Public Disclosure Of Plaintiff's Claim Interpretations Should Not Be Deemed Detrimental To Plaintiff**

ExitExchange's failure to publically disclose its interpretation of the claims so that the claims can be fully understood does not prejudice Plaintiff.  Plaintiff's response on this point

3



argues that to publically disclose its interpretation of the claims would be detrimental to Plaintiff because others may then legally design around the claims, seek reexaminations or file declaratory judgment actions.  Yet, for others to do legal acts does not create an impermissible detriment to Plaintiff.  ExitExchange appears to argue it has an economic advantage in misleading the public as to the proper scope of the claims so the public might not effectively exercise its legal rights.  As discussed above, Plaintiff's gamesmanship goes against the function of patent claims, *i.e.*, providing notice to the public so that "other inventors may know what part of the field of invention is unoccupied." *Bates v. Coe*, 98 U.S. 31, 39 (1878)*; State Indus. Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1235–36 (Fed. Cir. 1985).

ExitExchange could have kept its alleged invention secret.  In doing so, it could privately license its invention using trade secret law.  However, by obtaining a patent and now seeking to enforce it in court, Plaintiff cannot maintain its interpretation of the patent's scope is secret.  *See Luccous v. JC Kinley Company*, 376 SW 2d 336, 338-40 (Tex. 1964).  The disclosure of the patent was part of the bargain Plaintiff made in obtaining its patent.  *Id*.  ExitExchange cannot assert that the public's proper knowledge of the scope of the patent is detrimental, particularly when seeking to enforce its patent rights.  Accordingly, Defendants' Motion should be granted.

## C.    The Confidentiality Designation Prejudices Defendants

The limited use of ExitExchange's claim interpretation under the Confidential designation has prevented Defendants from fully defending themselves in this case.  Therefore, Defendants request that the deadlines in the Agreed Discovery Order (Dkt. #185) for supplementing/filing their responses be adjusted to reflect the prejudice caused by Plaintiff's improper designation.  Specifically, Defendants request (1) supplemental time for Defendants' compliance with Patent Rules 3-3 and 3-4 (¶ 3(a)); and (2) that the June 30, 2011, and September 12, 2011, dates for producing documents (¶ 3(b)) be extended by a period corresponding to the

4



time between when the patent charts were to be disclosed and when the improper "Confidential" designation is removed.

## II.   Conclusion

It is indisputable that Plaintiff's Confidential designation of its interpretation of the claims at issue does not allow "other inventors [to] know what part of the field of invention is unoccupied" and design around the patent.  Plaintiff's designation also does not allow for the wide-spread disclosure of the interpretation to seek the help of others to invalidate the over-broad claim interpretation of Plaintiff.  By improperly designating "Confidential" that which must be public, Plaintiff's designation improperly interferes with Defendants' ability to control their defenses, and prevents Defendants and those in the public from fully investigating and understanding what is at issue in the litigation.  Accordingly, Defendants' respectfully request that their Motion be granted and that Plaintiff's improper designation of its Infringement Contentions and claims charts be removed, and that the relevant deadlines in the Agreed Discovery Order (Dkt #185) be amended as requested herein commiserate with the period of time of Plaintiff's improper designation.

Respectfully submitted,


/s/ Robert C. Brandenburg
Robert C.J. Tuttle
MI State Bar No. 25222
rtuttle@brookskushman.com
John E. Nemazi
MI State Bar No. 33285
jnemazi@brookskushman.com
Robert C. Brandenburg
MI State Bar No. 28660
rbrandenburg@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center 22nd Floor
Southfield, Michigan 48075
(248) 358-4400 / Fax (248) 358-3351

/s/ Raymond P. Niro
Raymond P. Niro
Raymond P. Niro, Jr. *(Lead Attorney)*
Robert A. Conley
Brian E. Haan
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733 / Fax: (312) 236-3137
RNiro@nshn.com; RNiroJr@nshn.com;
RConley@nshn.com; BHaan@nshn.com



Jennifer Parker Ainsworth
State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
(903) 509-5000 / Fax (903) 509-5092

**Attorneys for Defendants Casale Media Inc.
and Optimax Media Delivery LLC**

 /s/ Michael E. Jones
Michael E. Jones (Tex. Bar No. 10929400)
mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Ave., Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311 / Fax (903) 593 0846

s/ Michael J. Turton
Michael J. Turton (Tex. Bar No. 00794761)
mturton@kilpatrickstockton.com
John S. Pratt (*Pro Hac Vice* Pending)
jpratt@kilpatrickstockton.com
Audra A. Dial (*Pro Hac Vice* Pending)
adial@kilpatrickstockton.com
Leroy M. Toliver (*Pro Hac Vice* Pending)
btoliver@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 / Fax (404) 815-6555

**Attorneys for Defendant The Weather
Channel Interactive, Inc.**

Eric M. Albritton
(Texas State Bar No. 00790215)
Debra Coleman
(Texas State Bar No. 24059595)
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449 / Fax: (903) 758-7397
ema@emafirm.com
drc@emafirm.com

**Attorneys for ValueClick, Inc**.

/s/ Kevin M. Flannery
Kevin M. Flannery
Lead Attorney
Pennsylvania State Bar No. 62593
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 / Fax: (215) 994-2222
E-mail: kevin.flannery@dechert.com

/s/ Jeffrey B. Plies
Jeffrey B. Plies
Lead Attorney
Texas State Bar No. 24027621
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78701
 (512) 394-3000 / Fax (512) 394-3001
E-mails: jeff.plies@dechert.com

**Attorneys  For Defendant
CPX Interactive LLC**

6



*/s/ Roderick B. Williams*
Roderick B. Williams
Texas State Bar No. 21573700
rick.williams@klgates.com
James G. Warriner
Texas State Bar No. 24070813
jim.warriner@klgates.com
K&L GATES LLP
111 Congress Ave., Suite 900
Austin, TX 78701
512-482-6800 / Fax 512-482-6859

**Attorneys for Defendant Traffic
Marketplace, Inc.**


*/s/ Jamil N. Alibhai*
E. Leon Carter
Texas State Bar No. 03914300
lcarter@munckcarter.com
Jamil N. Alibhai
Texas State Bar No. 00793248
jalibhai@munckcarter.com
Ryan S. Loveless
Texas State Bar No. 24036997
rloveless@munckcarter.com
Kelly P. Chen
Texas State Bar No. 24062664
kchen@munckcarter.com
MUNCK CARTER, LLP
600 Banner Place
12270 Coit Road
Dallas, Texas 75251
972.628.3600 / Fax 972.628.3616

**Attorneys For Defendants Belo
Corp. and Belo Interactive, Inc.**

*/s/ Gregory J. Casas*
Gregory Casas
Texas Bar No. 00787213
John S. "Chip" Rainey
Texas Bar No. 00788234
GREENBERG TRAURIG LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701
512.320.7200 / Fax 512.320.7210

**Attorneys For Defendant
Mediafire, LLC**



## **CERTIFICATE OF ELECTRONIC SERVICE**

Pursuant to L.R. CV-5(d), I certify that on June 10, 2011, I sent a true and correct copy of Reply Brief In Support Of Defendants' Motion To Remove Confidential Designation On Patent Rule 3-1 Claim Charts And Resetting Times In Agreed Discovery Order to counsel of record for the parties by electronic mail.

/s/Robert C. Brandenburg
Robert C. Brandenburg

*Attorneys for Defendants Casale Media Inc. and Optimax Media Delivery LLC*

