IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., a Texas corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>CASALE MEDIA INC., an Ontario corporation; ADCHEMY, INC., a Delaware corporation; BELO CORP., a Delaware corporation; BELO INTERACTIVE, INC., a Delaware corporation; CPX INTERACTIVE LLC, a New York limited liability company; EXPONENTIAL INTERACTIVE, INC., a Delaware corporation; MEDIAFIRE LLC, a Texas limited liability company; OPTIMAX MEDIA DELIVERY LLC, a California limited liability company; PULSE 360, INC., a Delaware corporation; SUBURBAN COMMUNITY NEWSPAPERS, LLC, a Mississippi limited liability company; TRAFFICMARKETPLACE, INC., a Delaware corporation; VALUECLICK, INC., a Delaware corporation; THE WEATHER CHANNEL INTERACTIVE, INC., a Georgia corporation.<br><br>     Defendants. | CASE NO. 2:10-cv-297-TJW<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO
REMOVE CONFIDENTIAL DESIGNATION ON PATENT RULE 3-1 CLAIM CHARTS
AND RESET TIMES IN THE AGREED DISCOVERY ORDER**

### I.      Introduction.

Plaintiff files this sur-reply to address the arguments raised in Defendants' reply brief.

### II.     The claim charts are entitled to confidentiality.

The parties agree that the Protective Order governs. *See* Reply at 1. Accordingly, the claim charts are entitled to confidentiality if: (1) the information is not normally revealed to third parties, (2) it is not generally known, and (3) disclosure would be detrimental to Plaintiff. *See* dkt. 222, ¶1 (setting out the requirements for confidentiality); Reply at 1.

#### A.     The information is not normally revealed to third parties.

Defendants fail to dispute that the information in the claim charts is not normally revealed to third parties. *See* Reply at 2 ("Plaintiff asserts that "ExitExchange does not generally disclose to third parties detailed information [in its claim charts]. . . Even if Plaintiff's conclusory allegation of what it does or does not do with respect to its own interpretation of the claims is sufficient to meet the second requirement, Plaintiff cannot meet the other two requirements."). In addition, Defendants submitted no evidence contradicting the evidence submitted by Plaintiff on this issue. *See* Reply at 2; *see also* Plaintiff's Exh. 3, ¶3.

#### B.     The information is not generally known.

Defendants do not argue that the information contained in the claim charts is publicly known. They fail to assert that they knew this information prior to service of the infringement contentions, or that the information is generally known by any third parties. Moreover, the only evidence submitted by the parties is to the contrary – it shows that the information in the claim charts is not generally known, or shared by ExitExchange with others. *See* Plaintiff's Exh. 3 at ¶3.

1

Instead, Defendants argue that disclosure is necessary for a public policy reason. Specifically, they assert that (i) the claim charts contain Plaintiff's "claim interpretations," (ii) Plaintiff's claim interpretations must be disclosed to satisfy the "notice function of the claims." Reply at 2.  Both premises of this argument are incorrect.

First, the claim charts do not, as Defendants assert, contain an "interpretation of claims." Instead, they contain Plaintiff's assertions as to which specific products and product elements meet the claim.  There is no requirement that a plaintiff include claim interpretations in its infringement contentions.  In fact, under the Patent Rules and the Court's docket control order, even Defendants will not see those interpretations until Plaintiff submits its preliminary proposed claim constructions.

Second, the notice function is met by the claims, specification, and the prosecution history.  There is no additional requirement that Plaintiff also publicize a chart explaining how exemplary products infringe.

To meet the notice function requirement, a patent much be such that "one of ordinary skill in the art should be able to read *a patent*, and to recognize which matter has been claimed." *PSC Computer Products, Inc. v. Foxconn International, Inc.*, 355 F.3d 1353, 1360 (Fed. Cir. 2004) (emphasis added).  Accordingly, the analysis centers on the patent claims: it is the function of *"the claims* [to] give notice both to the examiner at the U.S. Patent and Trademark Office during prosecution, and to the public at large." *Id.* (emphasis added); *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 24 (U.S. 1997) ("it is the claim that defines the invention and gives notice to the public of the limits of the patent monopoly.); *see also Honeywell Int'l, Inc. v. ITC*, 341 F.3d 1332, 1338-1339 (Fed. Cir. 2003) ("[35 U.S.C.] § 112, P 2 focuses on whether *the claims, as interpreted in view of the written description*, adequately perform their

2

function" (internal quotation marks omitted)).

The claims, specification, and the prosecution history of the asserted patent satisfy the public notice requirement.  Neither the statute nor case law requires that a patent holder give additional notice by publicizing an analysis of how exemplary products and product elements meet the elements of the claims.  There is simply no independent statutory, case law, or public policy basis that compels disclosure of such information to Plaintiff's competitors outside of this litigation.  Therefore, it is undisputed that Plaintiff's contentions satisfy the second requirement of the protective order, because they contain information that "is not generally known."

### C. Disclosure would be detrimental to Plaintiff.

This element is also in fact undisputed.  Defendants do not rebut Plaintiff's showing that Plaintiff would suffer detriment from disclosing its infringement contentions to its competitors.  Defendants instead respond that the public would benefit from disclosing Plaintiff's confidential information.  Reply at 4.

This argument fails for the reasons explained in Plaintiff's opposition brief.  The general public would nearly always benefit (in the short run) from the disclosure of business secrets.  However, businesses have the right to keep those secrets, even during litigation, because society is better off in the long run when businesses are permitted to exploit their confidential commercial information. *See, e.g.* Fed. R. Civ. Pro. 26(c)(1)(G) (the Court may issue a protective order to protect a party from revealing "a trade secret or other confidential research, development, or commercial information").

Defendants also assert that a harassing reexamination, declaratory judgment actions, or design arounds that use Plaintiff's confidential information would not be detrimental because they are "legal acts."  Reply at 4.  This argument fails.  That the underlying action would be legal

but for the protective order does not mean that there is no harm to Plaintiff. Assume, for example, that Plaintiff obtained confidential information from Casale in this litigation showing that Casale infringed a third party's patent. Plaintiff could alert the third party and encourage the third party to sue Casale. Even though the underlying action – suing for patent infringement – is legal, Casale would still be harmed. Similarly, it would be detrimental to the conduct of ExitExchange's business if Defendants used ExitExchange's confidential information to impose costs on Plaintiff.

Defendants next assert that if Plaintiff wanted to keep its invention secret, it should have used trade secrets. Reply at 4. This argument is a red herring. Plaintiff does not assert that its inventions should be kept secret; the patent is publicly available. Instead, Plaintiff asserts that its claim charts, which satisfy the requirements for confidentiality under the Protective Order, should remain confidential.

### D. Defendants' Prejudice.

Defendants next assert that they have suffered prejudice, and ask for an extension of deadlines in this case. Reply at 4-5 (asking for an extension of the deadlines for Defendants' invalidity contentions, documents accompanying invalidity contentions, and document production deadlines under the Discovery Order).

This fails. As explained in Plaintiff's opposition, the very agents that Defendants have specifically retained to analyze and respond to ExitExchange's infringement claims, prepare an invalidity analysis, and prepare discovery (their lawyers and expert consultants) have full access to the information under the terms of the Court's Protective Order. In addition, the Order allows two designated employees of each Defendant to receive confidential material, and any other person with Plaintiff's prior written consent. Exhibit B. Dkt. 222, ¶9(f)-(h). Defendants fail to

explain why such disclosures are insufficient.

### III.     Conclusion.

For the foregoing reasons, Defendants' motion should be denied.


Dated:  June 20, 2011                                  Respectfully submitted,

                                                By:  */s/ Christin Cho*
Christin Cho (admitted to practice in the Eastern District of Texas)
CA State Bar No. 238173
E-mail: christin@dovellaw.com
Gregory S. Dovel (admitted to practice in the Eastern District of Texas)
E-mail: greg@dovellaw.com
CA State Bar No. 135387
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, L.L.P.
Energy Centre
1127 Judson Road, Ste 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: capshaw@capshawlaw.com
Email: ederieux@capshawlaw.com


ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.


### CERTIFICATE OF SERVICE

5

   I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 20th day of June 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

            */s/ Christin Cho*
            Christin Cho