UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP. | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 2:10-CV-297 |
| CASALE MEDIA INC., ET AL. | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Remove Confidential Designation of Claim Charts under Local Patent Rule 3-1 and Resetting Times in Agreed Discovery Order, as filed herein on May 12, 2011. (Dkt. No. 206.) The Court, having considered the same, hereby DENIES Defendants' Motion.

**I.     Background**

Defendants urge this Court to remove the confidential designation on the Infringement Contentions exchanged in this case. In particular, Defendants argue that their response to this suit is hampered by the confidential designations of the Infringement Contentions, and that they cannot adequately prepare their defense as long as the Infringement Contentions remain confidential. Plaintiff argues that the Court has already entered a Protective Order in this case which contemplated whether Infringement Contentions should be designated as confidential and which allowed for such designation. Further, Plaintiff argues that the Infringement Contentions meet the definition of what should be deemed confidential, pursuant to the Protective Order, and that Defendants are able to adequately prepare their defense even with the Infringement Contentions designated as confidential.

**II.     Legal Standard**

This Court's Protective Order provides the governing standard for designating information as confidential. The Protective Order states that:

> Confidential information shall mean all information … that constitutes confidential or proprietary technical, scientific, or business information that is not generally known, that would not normally be revealed to third parties, for which its disclosure would be detrimental to the conduct of

1

the designating party's business, and which is not included in the exceptions to eligibility identified below.

Thus, to properly be designated as confidential, the information must be: (1) not generally known, (2) not normally revealed to third parties, and (3) detrimental to the conduct of the designating party's business.

### III. Analysis

#### a. Information Not Generally Known

As this Court previously stated in its Prior Order, the case law cited by Defendants as controlling is distinguishable from the case at hand.[1] The Court finds that such information is confidential business information that is not generally known. Accordingly, the information in question should remain confidential.

#### b. Information Not Normally Revealed to Third Parties

Defendant concedes that information contained in Plaintiff's Infringement Contentions is not normally revealed to third parties.

#### c. Information Detrimental to the Conduct of the Designated Party's Business

In this Court's Prior Order, the Court provided a clear rationale for its ruling to exclude the provision urged by Defendants that would exclude Infringement Contentions from confidential designations as part of the Protective Order in this case. In such Prior Order, the Court stated the following:

> "documents such as claim charts may contain information that is confidential technical or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business. … [a]s Plaintiff points out, the information Plaintiff includes in its claim charts could be used by its competitors to Plantiff's business detriment."

Clearly, the Court previously considered Defendants' argument that Plaintiff's business will not suffer based on disclosure of the given information. (*See* Dkt. No. 223.) In response to such argument, this Court has already determined that Plaintiff's business would indeed suffer finding that the information

---

[1] *See* Dkt. No. 223 for this Court's analysis regarding the applicability to this case of *Fractus, S.A. v. Samsung Electronics Co.*, Case No. 6:09-cv-203-LED-JDL, Dkt. No. 410 (E.D. Tex. June 7, 2010) and *In re Violation of Rule 28(D),* 635 F.3d 1352 (Fed. Cir. 2011).

may be used by Plaintiff's competitors.  The Court again holds that such information may be detrimental to Plaintiff and its business.

        *d. Prejudice to Defendants*

Under the present situation, confidential documents underlying the Infringement Contentions can be reviewed by Defendants' lawyers, Defendants' experts, and two designated employees of each party and further, Defendants can disclose certain confidential information with additional employees or third parties with Plaintiff's written consent.  Accordingly, the Court finds that Defendants are not prejudiced.

This finding notwithstanding, should Defendants determine as this case proceeds forward that the limited classification of persons who may review the documents underlying Plaintiff's Infringement Contentions proves problematic from their prospective, then Defendants may move the Court to consider additional persons who may review such documents.

### IV.   Conclusion

The Court DENIES Defendants' Motion (Dkt. No. 206) in all respects.  However, the parties retain the prerogative to meet and confer with each other as to reasonable modifications to the present Docket Control Order and submit any proposed changes to the Court on either an agreed or opposed basis, from time to time and as the future development of this case might warrant, and in light of this Order.

**So ORDERED and SIGNED this 23rd day of March, 2012.**

        _____
        RODNEY GILSTRAP
        UNITED STATES DISTRICT JUDGE